PER CURIAM.
The Florida Board of Bar Examiners petitions this Court to amend or adopt Rules Relating to Admissions to the Bar. We have jurisdiction pursuant to article V, section 15 of the Florida Constitution.
The Board has petitioned to create or amend these rules: article I, section 2.c. (composition of investigative panels); article III, section 3. (authorizing Board and applicant to waive formal hearing and enter into *71 consent resolution); and article IV, section 5.a.(l) (changing size of applicant’s photograph to conform to standard size of passport photograph). The proposed amendments were published in The Florida Bar News on February 15, 1995, with an invitation for comments. No comments were filed.
We adopt the Board’s proposals.
In 1994 this Court approved the adoption of article I, section 2.c. of the Rules of the Supreme Court Relating to Admissions to the Bar, which allowed retired board members to participate in Board hearings. Amendment to the Rules of the Supreme Ct. of Fla. Relating to Admissions the Bar re Board Members Emeritus, 630 So.2d 576 (Fla.1994). We decided that this would help the Board conduct its hearings more expeditiously and thus shorten the waiting time for applicants for admission to The Florida Bar. Id. at 577.
In adopting section 2.c., we decided that to ensure the consistent application of current board policy, a majority of members at both investigative and formal hearings should be current board members. Id. The Board now asks us to revise the rule to require only one current Board member on a three-member investigative hearing panel. This, the Board maintains, will give the Board maximum flexibility in scheduling hearings.
In addition — and importantly — the proposal requires that “[a]ll recommendations of investigative hearing panels must be approved by a quorum of the current Board.” We believe that this will ensure the consistent application of current board policy, and we approve the amendment to article I, section 2.c.
The proposed change to article III, section 3.h. would give the Board the authority to enter into consent judgments when, after an investigatory hearing, counsel for the Board and an applicant reach such a judgment. If the full Board approves the judgment, the case may be resolved without farther proceedings. Because this procedure could streamline the process for both the applicant and the Board, we adopt this proposal.
Finally, we approve the proposed amendment to article IV, section 5.a.(l). This is an administrative change that conforms the size of the photo an applicant submits to the Board to the size of a standard passport photo.
Accordingly, we amend and adopt the rules as reflected in the Appendix to this opinion. Underscoring indicates new language; strike-through type indicates deletions. The Board’s rationale is included only for explanation and guidance and is not adopted as an official part of the rules. These rules shall take effect upon the release of this opinion.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
APPENDIX
Article I, section 2. as it will appear:
Section 2. There is hereby created a Florida Board of Bar Examiners consisting of twelve members of The Florida Bar and three nonlawyer members of the general public.
a. Attorney Members of the Board. As the terms of the attorney members expire, all appointments shall be for no more than five years, and any vacancy occurring during any term shall be filled by appointment. No attorney appointed by the Court as a result of a vacancy occurring during a term shall be appointed for more than five years, and the term of all such appointments shall be extended to October 31 of the last year of such term.
b. Public Members of the Board. All appointments of public members shall be for no more than three years, and any vacancy occurring during any term shall be filled by appointment. No public member appointed by the Court as a result of a vacancy occurring during a term shall be appointed for more than three years, and the term of all such appointments shall be extended to October 31 of the last year of such term.
c. Board Members Emeritus. Following the completion of their terms, members of the Board shall be designated as Board Members Emeritus. To assist the Board in *72 fulfilling its investigative and adjudicatory functions, a Board Member Emeritus is authorized to participate as a member of an investigative or formal hearing panel as provided by Article III, Sections 3.a. and f. A majority of the members of the investigative and a formal hearing panels shall consist of current members of the Board. At least one member of an investigative hearing panel shall be a current member of the Board. All recommendations of investigative hearing panels must be approved by a quorum of the current Board. To be eligible to serve on a hearing panel, a Board Member Emeritus shall be in compliance with the provisions of Article I, Section 3.e.
RATIONALE:
In October 1993, the Board petitioned the Court for the adoption of a rule which would create board members emeritus. The Board’s proposal would authorize retired board members to sit on investigative and formal hearing panels. The Board further recommended that at least one member of an investigative hearing panel should be a current board member and that a majority of the members of a formal hearing panel should be current board members.
In response to the Board’s petition, the Court issued an opinion dated January 20, 1994, wherein the Court stated in part:
We believe the board’s proposal has merit. Through the use of retired board members, the board should be able to conduct its hearings more expeditiously and thereby shorten the time prospective applicants must wait for determination of whether they may be admitted to the bar. However, in order to ensure consistent application of current board policy, we believe it is desirable that a majority of the members sitting at both the investigative and formal hearings should be current board members.
Amendment to the Rules of the Supreme Ct. of Fla. Relating to Admissions to the Bar re: Board Members Emeritus, 630 So.2d 576 (Fla.1994). The Court then approved the proposed rule amendment as revised.
Since the effective date of the emeritus rule, an average of seven former members have assisted the Board at its monthly meetings. Based on its experience with the new rule, the Board requests the Court to revise the rule to require only one current Board member on a three-person investigative hearing panel.
The proposed revision is necessary to enable the Board to achieve maximum flexibility in the scheduling of hearings. Such greater flexibility will give the Board the option of scheduling extra investigative hearing panels by relying upon more emeritus members. Such greater flexibility will also allow the Board to make last-minute adjustments and substitutions due to a current member’s re-cusal, illness, or unavoidable work conflict.
In submitting this proposed change, the Board recognizes the Court’s concern expressed in its January 20, 1994, opinion regarding “consistent application of current board policy.” The proposed amendment addresses the Court’s concern by requiring all recommendations of investigative hearing panels to be ratified by a quorum of the Board’s current membership.
As adopted by the Board in June 1971, “[t]he ultimate goal of the Florida Board of Bar Examiners is the efficient admission of all qualified applicants with dispatch.” With the Court’s adoption of this proposed amendment, the Board will be able to maximize its use of emeritus members to enable it to continue to meet such goal.
Article III, Section 3. as it will appear:
Section 3.
a. Prior to recommending an applicant for admission to practice the profession of law in Florida, the Florida Board of Bar Examiners shall conduct an investigation and otherwise inquire into and determine the character, fitness and general qualifications of every applicant. In every such investigation and inquiry, the Board may obtain such information as bears upon the character, fitness and general qualifications of the applicant and take and hear testimony, administer oaths and affirmations, and compel by subpoena the attendance of witnesses and the production of books, papers and documents. *73 Any member of the Board may administer such oaths and affirmations. Such investigations and inquiries shall be informal, but they shall be thorough, with the object of ascertaining the truth. Technical rules of evidence need not be observed. Any investigative hearing for such purpose may be held by a division of the Board consisting of no fewer than three members of the Board. Each division shall record its proceedings and shall report its recommendations to the full Board.
An applicant who has been requested to appear for an investigative hearing by Board letter shall promptly respond to such letter. Failure to respond within 60 days shall result in termination of that application and shall require reapplication and payment of all fees as if the applicant were applying for the first time.
In cases where the facts are undisputed regarding an applicant’s prior conduct which bears adversely upon such person’s character and fitness for admission to the Bar, the Board may forgo an investigative hearing and proceed directly with the filing of Specifications as provided by Section b.(3) below.
b. Following an investigative hearing, the Board shall determine:
(1) That the applicant has established his or her qualifications as to character and fitness; or
(2) That further investigation into the applicant’s character and fitness is warranted; or
(3) That Specifications be filed charging the applicant with matters which if proven would preclude a favorable finding by the Board.
c. In lieu of the filing of Specifications pertaining to drug, alcohol or psychological problems, the Board in exceptional cases may enter into a Consent Order with the applicant. In a Consent Order, the Board is authorized to recommend to the Court for admission the applicant who has agreed to abide by specified terms and conditions upon admission to The Florida Bar. If the Court accepts the Board’s recommendation, the Order of admission shall be made as set out in Article VII, Section 1.
If the applicant is granted admission by the Court pursuant to a Consent Order, then the terms and conditions of the applicant’s admission shall be administered by The Florida Bar. The Board shall provide access to The Florida Bar all information gathered by the Board on a conditionally admitted applicant except information received by the Board under a specific agreement of confidentiality or otherwise restricted by law. If the applicant shall fail to abide by the terms and conditions of admission, then The Florida Bar is authorized to institute such proceedings consistent with the Rules Regulating The Florida Bar as to revocation of the license issued to the applicant pursuant to the Consent Order. The Board shall be notified of any disciplinary proceedings and shall have access to all information relating to the administration of a conditional admission, except information received by The Florida Bar under a specific agreement of confidentiality or otherwise restricted by a law.
d. If Specifications are prepared and served upon an applicant, the applicant shall file an answer to the Specifications within 20 days from receipt of the Specifications. If an applicant fails to file an answer to the Specifications within such time or within any extension of that time allowed by the Board, the Specifications shall be deemed admitted and the Board shall enter findings of fact, finding the Specifications proven, and appropriate conclusions of law, which may include a recommendation that the applicant not be admitted to The Florida Bar.
e. After a timely answer to Specifications has been filed, the Board shall notify the applicant of the dates and locations available for the formal hearing on the Specifications and the applicant and the Board shall agree on a date and location for the hearing. If the applicant fails to agree on one of the dates and locations proposed by the Board, the Board shall set the date and location of the hearing. If the applicant, without good cause, fails to attend the formal hearing, the Specifications shall be deemed admitted and the Board shall enter findings of fact, finding the Specifications proven, and appropriate conclusions of law, which may include a rec *74 ommendation that the applicant not be admitted to The Florida Bar.
f.Formal hearings held in response to Specifications shall be conducted before a quorum of the Board which shall consist of not less than five members. The formal hearing panel shall consist of members of the Board other than those who participated in the investigative hearing. This provision may be waived with the consent of the applicant. The weight to be given all testimony and exhibits received in evidence at a formal hearing shall be considered and determined by the Board. The Board is not bound by technical rules of evidence at a formal hearing. Following the conclusion of a formal hearing, the Board shall expeditiously make its findings of fact and conclusions of law which shall include one of the following:
(1) A recommendation that the applicant be admitted to The Florida Bar; or
(2) A recommendation that the applicant not be admitted to The Florida Bar; or
(3) After the filing of Specifications and, in lieu of a recommendation that the applicant not be admitted to The Florida Bar based upon drug, alcohol or psychological problems, the Board in exceptional eases may make a recommendation that the applicant be conditionally admitted to The Florida Bar upon such terms and conditions as specified by the Board. If the Court accepts the Board’s recommendation, then the terms and conditions of the applicant’s admission shall be administered by The Florida Bar as provided in Section 3.c. above; or
(4) A recommendation that the applicant’s admission to The Florida Bar be withheld for a specified period of time not to exceed two years to allow the applicant to establish rehabilitation. At the end of the specified period of time, the Board shall recommend the applicant’s admission barring subsequent disclosure of matters adversely reflecting upon the applicant’s character or fitness.
The applicant shall be notified promptly by the Board of its findings of fact and recommendation, which action shall be subject to review by the Court as specified under Article III, Section 4.b.
g. If sufficient time has not passed since the occurrence of the behavior described in one or more of the Specifications sustained to permit the Board to determine whether the applicant has established his or her qualifications and what recommendations the Board would make to the Supreme Court of Florida, the Board may petition the Supreme Court of Florida for a reasonable extension of time for further investigation, not to exceed one year after the conclusion of the formal hearing. If an extension is granted, the Board may continue its investigation or otherwise acquire such additional information as is needed to permit it to make its final decision. The applicant shall be notified of any petition for extension and shall be given an opportunity to show cause why the extension should not be granted.
h. Counsel for the Board and an applicant may waive a formal hearing and enter into a proposed consent judgment. Such consent judgment shall contain a proposed resolution of the case pursuant to one of the recommendations specified in Section 3.f. above. If the consent judgment is approved by the full Board, then the case shall be resolved in accordance with the consent judgment without further proceedings.
RATIONALE:
There is no authority in the Court’s Rule to obtain a consent judgment in a case after Specifications have been served. There have been cases in the past where the final recommendation of the formal hearing panel (such as a recommendation of conditional admission) could have been agreed upon by the parties without a formal hearing. Rule 3-7.9 of the Rules Regulating The Florida Bar specifically authorizes the use of a consent judgment to resolve cases both before and after the filing of a formal grievance. The proposed rule amendment would grant similar authorization to the Board.
Article IV, Section 5. as it will appear:
Section 5.
a. Each Application for Admission into the General Bar Examination, as an integral *75 part thereof, must be accompanied by the following:
(1) A photograph, 2½" by-¾⅛? 2" by 2", made within six months prior to the filing of the application;
(2) One (1) complete set of fingerprints taken and certified by an authorized law enforcement officer; and
(3) Such supporting documents or additional information as may be required on the forms supplied by the Board.
b. An Application for Admission to The Florida Bar must be filed not later than 180 days from the date of notice from the Board that success has been attained on all parts of the Florida Bar Examination. The Application for Admission to The Florida Bar shall not be deemed complete until all of the following items have been received by the Board:
(1) If the applicant is not a natural born citizen of the United States and indicates a name change at the time of naturalization, evidence of naturalization satisfactory to the Board that such name change occurred;
(2) If the applicant has been admitted to the practice of law in one or more jurisdictions, evidence satisfactory to the Board that the applicant is of good standing in such jurisdictions and a copy of the application for admission filed in each such jurisdiction;
(3) An authorization and release on a form supplied by the Board requesting and directing the inspection and furnishing to the Board, or any of its authorized representatives, all relevant documents, records or other information pertaining to the applicant and releasing any person, firm, officer, corporation, association, organization or institution from any and all liability in respect to such inspection or the furnishing of any such information;
(4) A Certificate of Dean (Form No. 3) certifying the applicant’s graduation from a full-time accredited law school, as provided under the provisions of Article III, Section l.a.;
(5) An official transcript of academic credit certifying that the applicant has received the degree of Bachelor of Laws or Doctor of Jurisprudence as specified under Article III, Section l.a., which transcript must come directly from the awarding institution;
(6) Official transcripts from all post-secondary institutions attended, which transcript must come directly from the awarding institutions;
(7) Supporting documents and other information as may be required in the forms supplied by the Board and other such documents as the Board may, in addition, from time to time reasonably require;
(8) An affidavit on a form supplied by the Board attesting that the applicant has read Chapter 4, Rules of Professional Conduct, and Chapter 5, Rules Regulating Trust Accounts, of the Rules Regulating The Florida Bar;
(9) A certificate supplied by the agency administering the Multistate Professional Responsibility Exam (MPRE) bearing a successful score attained on the MPRE to be forwarded directly to the Florida Board of Bar Examiners by the designee of the National Conference of Bar Examiners.
RATIONALE:
The requested amendment is an administrative change. Bar applicants are required to submit a photograph with their application. The proposed amendment will conform the size of such required photo to the size of a standard passport photo.